JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Grimm, Jr., as parent and natural guardian of Amber Grimm, a minor

(b) County of Residence of First Listed Plaintiff: Montgomery / PA

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Rovner, Allen, Rovner, Zimmerman, Lukomski and Wolf
By: Neil P. Greenberg, Esquire [npgesq@dial-law.com]
411 Route 70 East - Suite 100
Cherry Hill, NJ 08034-2414
(856) 795-5111

## DEFENDANTS
Abington School District

County of Residence of First Listed Defendant: Montgomery / PA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause: Student denied Civil Rights by School District

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE: 
DOCKET NUMBER: 

Explanation:

DATE: 9/2/11

SIGNATURE OF ATTORNEY OF RECORD: X Neil P. Greenberg

**ROVNER, ALLEN, ROVNER, ZIMMERMAN,
LUKOMSKI & WOLF**
By:   Neil P. Greenberg
Cherry Hill Professional Building
411 Route 70 East, Suite 100
Cherry Hill, NJ  08034-2414
856-795-5111

| | |
|---|---|
| JAMES GRIMM, JR., as parent and natural Guardian of AMBER GRIMM, and in his own Right<br>1825 North Hills Avenue<br>Willow Grove, PA  19090<br><br>             Plaintiff,<br><br>             -VS-<br><br>ABINGTON SCHOOL DISTRICT<br>970 Highland Avenue<br>Abington, PA  19001<br>          and<br>GREGG ROSENFELD<br>c/o Abington High School<br>900 Highland Avenue<br>Abington, PA  19001<br>          And<br>JOSEPH DETATO<br>c/o Abington High School<br>900 Highland Avenue<br>Abington, PA  19001<br>          And<br>AMANDA CLARK<br>c/o Abington High School<br>900 Highland Avenue<br>Abington, PA  19001<br>          And<br>EVA JARRETT<br>c/o Abington High School<br>900 Highland Avenue<br>Abington, PA  19001<br>          And<br>JOHN/JANE DOE 1-10 (fictitiously named)<br><br>             Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW ERSEY<br><br><br>Docket No:<br><br><br>COMPLAINT AND JURY DEMAND |

## CIVIL ACTION COMPLAINT

I. INTRODUCTION

1. This Civil Rights action brought under 42 U.S.C. §1983 case involves a violation of minor plaintiff, Amber Grimm's, federal constitutional right to bodily integrity and safety, which right was violated as a result of the reckless and callous disregard by defendants herein, as well as their gross negligence, and their egregious failure to protect said minor plaintiff's safety, during a school-sponsored and sanctioned event held in Wildwood, New Jersey. As a result of the defendants' violations of minor plaintiff's constitutionally-protected rights and their gross negligence, minor plaintiff suffered severe and permanent injuries, including, but not limited to a crush injury to her right foot, a laceration, an open wound, a right hallux fracture, chronic regional pain syndrome, and tendon injuries.

II. JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. 1331, as Plaintiff's Civil Rights Claim arises under the laws of the United States, namely 42 U.S.C. §1983. In addition, this Court has supplemental jurisdiction over any and all state-law claims pursuant to 28 U.S.C. §1367.

3. Venue in the District of New Jersey is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

III. PARTIES

4. Plaintiff, James Grimm, Jr., is an adult individual and parent and natural guardian of minor plaintiff, Amber Grimm, who resides at 1825 North Hills Avenue, Willow Grove, Pennsylvania.

5. Defendant, Abington School District, (hereafter "Abington"), is a Pennsylvania

school district organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 970 Highland Avenue, Abington, Pennsylvania.

6. Defendant, Gregg Rosenfeld, (hereafter "Rosenfeld"), is, upon information and belief, an adult individual, and a teacher and color guard instructor employed by Abington, with a principal places of business at c/o Abington High School, 900 Highland Avenue, Abington, Pennsylvania. Rosenfeld is being sued in his individual capacity with regard to all claims brought pursuant to 42 U.S.C. §1983.

7. Defendant, Joseph Detato, (hereafter "Detato"), is, upon information and belief, an adult individual, and a teacher and color guard instructor employed by Abington, with a principal place of business at c/o Abington High School, 900 Highland Avenue, Abington, Pensyvlania. Detato is being sued in his individual capacity with regard to all claims brought pursuant to 42 U.S.C. §1983.

8. Defendant, Amanda Clark, (hereafter "Clark), is, upon information and belief, an adult individual and color guard instructor for Abington, and at all times material and relevant hereto, as an agent, ostensible agent, apparent agent, employee, or servant, of Abington, with a principal place of business at c/o Abington High School, 900 Highland Avenue, Abington, Pennsylvania. Clark is being sued in her individual capacity with regard to all claims brought pursuant to 42 U.S.C. §1983.

9. Defendant, Eva Jarrett, (hereafter "Jarrett"), is, upon information and belief, an adult individual and color guard instructor for Abington, and at all times material and relevant hereto, as an agent, ostensible agent, apparent agent, employee, or servant, of Abington, with a principal place of business at c/o Abington High School, 900 Highland Avenue, Abington, Pennsylvania. Jarrett is being sued in her individual capacity with regard to all claims brought pursuant to 42 U.S.C. §1983.

10. Defendants, John Does 1-10, are, upon information and belief, adult individuals and administrators and/or agents and/or ostensible agents and/or employees and/or servants of Abington, who at all times material and relevant hereto, were acting under the color of state law. Said defendants' identifies are known only to defendants. John Does 1-10 are being sued in their individual capacities, with regard to all claims brought pursuant to 42 U.S.C. §1983.

11. The individual defendants named herein, at all times material and relevant hereto, were employees, agents, ostensible agents, or servants of defendant Abington, in their function as teachers, coaches, counselors, and/or instructors, during a Abington High School color guard practice event being held at St. Anne's Regional School in Wildwood, New Jersey, on April 29, 2011.

12. The minor plaintiff, Amber Grimm, was, at all times material and relevant hereto, specifically including on 4/29/2011, a student at Abington High School and member of the color guard team.

13. On or about 4/29/2011, minor plaintiff, Amber Grimm, as a member of the Abington High School color guard team, travelled to St. Anne's Regional School in Wildwood, New Jersey, for a color guard practice event, that was sponsored and carried out by defendants herein.

14. Said minor plaintiff was transported to St. Anne's Regional School in Wildwood, New Jersey, from Pennsylvania, in a motor vehicle owned by defendant Abington and being operated by an employee and/or agent and/or ostensible agent of Abington.

15. Said minor plaintiff, as of 4/29/2011 was 15 years old, approximately 5 feet, 3 inches in height, and weighed 95 pounds.

16. The rules and regulations set forth by the teachers, coaches, and instructors, of the Abington High School color guard, required the students to load, unload, lay out, and fold, all of the color guard equipment, including a 60 feet by 80 feet "performance floor," approximately the full size of a basketball court, for each practice, specifically including the practice being held on 4/29/2011 at St. Anne's Regional School in Wildwood, New Jersey.

17. On 4/29/2011, at St. Anne's Regional School, despite the obvious physical limitations of the minor plaintiff given her height, weight, and age, and at great risk for personal injury to her, she performed the job of folding, loading, and moving the performance floor on a cart with another female color guard member as required of her by defendants herein, specifically including, but not limited to, Rosenfeld, Detato, Clark, and/or Jarreett.

18. The cart that the minor plaintiff was using to perform this work was owned and transported by defendant Abington.

19. At no time on 4/29/2011, was minor plaintiff directed to perform another task that did not involve the risk of personal injury and a risk to her personal safety and bodily integrity.

20. At the conclusion of the practice, and in the presence and full view of several adult teachers, coaches, instructors, and Abington staff, specifically including, but not limited to, Rosenfeld, Clark, and/or Jarrett, the minor plaintiff, and another female student, attempted to move the cart, with the performance floor loaded on it, down steps at St. Anne's Regional High School in Wildwood, New Jersey.

21. At no time did any Abington employee and/or agent, including the teachers, coaches, and/or instructors present, specifically including, but not limited to, Rosenfeld, Clark, and/or Jarrett, attempt to assist or offer assistance in performing this dangerous task.

22. As the defendants herein, specifically including, Rosenfeld, Clark and/or Jarrett stood by talking and watching minor plaintiff and the other female student negotiating the steps, the cart that was provided by Abington, which was loaded with the performance floor, crushed minor plaintiff's right foot, causing serious and permanent injuries.

23. Defendants herein, specifically including, but not limited to, Rosenfeld, Detato, Clark, and/or Jarrett, required, as set forth *supra*, minor plaintiff to perform the assigned task of moving heavy equipment, that posed a danger to her bodily safety and integrity, with full knowledge that because of Abington's and said defendants' requirement that practice be done in bare feet, that minor plaintiff was not wearing protective footwear subsequent to practice while moving the aforementioned loaded cart.

## COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983
### (MONELL CLAIM)
### JAMES GRIMM, JR., AS PARENT AND NATRUAL GUARDIAN OF AMBER GRIMM, A MINOR V. ABINGTON SCHOOL DISTRICT

24. Paragraphs one (1) through twenty-three (23) above, are incorporated by reference hereat.

25. Defendant, Abington, at the time of this accident on 4/29/2011, and for a continuous and long-standing period prior thereto, continuing through to the present, had set policies and procedures in place requiring it's minor students to perform the dangerous and difficult tasks of moving heavy, burdensome color guard equipment, with deliberate indifference and reckless disregard for the safety and well-being of its students, specifically including, minor plaintiff herein.

26. As a direct and proximate result of Abingont's aforesaid policies and procedure being in place, minor plaintiff, Amber Grimm, suffered a violation of her federal constitutional rights, made applicable to the states *via* the Fourteenth

Amendment, including, but not limited to, her right to be free from physical harm and her right to bodily safety and integrity.

27. As a further direct and proximate result of Abington's aforesaid policies and procedures, minor plaintiff suffered the serious and permanent injuries outlines above.

WHEREFORE, James Grimm, Jr., as parent and natural guardian of Amber Grimm, a minor, respectfully demands judgment in his favor and against Abington School District, plus interest, costs, and attorney's fees pursuant to 42 U.S.C. §1988.

### COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983 (INDIVIDUAL CAPACITY CLAIM) JAMES GRIMM, JR., AS PARENT AND NATRUAL GUARDIAN OF AMBER GRIMM, A MINOR V. GREGG ROSENFELD; JOSEPH DETATO; AMANDA CLARK; AND EVA JARRETT

28. Paragraphs one (1) through twenty-seven (22) above, are incorporated by reference hereat.

29. Defendants Rosenfeld, Detato, Clark and/or Jarrett acting under the color of state law, acted with deliberate indifference and/or reckless disregard to the safety, bodily integrity, health and well-being of minor plaintiff, Amber Grimm, and/or intentionally and/or recklessly violated said minor plaintiff's following federal constitutional rights, either in direct violation of the Fourteenth Amendment to the United States Constitution, or in violation of other constitutional rights made applicable to the states *via* the Fourteenth Amendment:

    a. Minor plaintiff's right to be free from bodily injury;

    b. Minor plaintiff's right to her bodily integrity;

    c. Minor plaintiff's right to safety while in the custody of Abington School District; and,

    d. Requiring and leaving said minor plaintiff in a worse position than she otherwise would have been, and made her more vulnerable to harm,

than she otherwise would have been, had they not exercised control over her.

30. As a further direct and proximate result of the individual defendants' violations of minor plaintiff's aforesaid constitutionally-protected rights and procedures, minor plaintiff suffered the serious and permanent injuries outlines above.

WHEREFORE, James Grimm, Jr., as parent and natural guardian of Amber Grimm, a minor, respectfully demands judgment in his favor and against defendants Gregg Rosenfeld, Joseph Detato, Amanda Clark, and/or Eva Jarrett, jointly and/or severally, plus interest, costs, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT III – NEGLIGENCE
### JAMES GRIMM, JR., AS PARENT AND NATRUAL GUARDIAN OF AMBER GRIMM, A MINOR V. ABINGTON SCHOOL DISTRICT; GREGG ROSENFELD; JOSEPH DETATO; AMANDA CLARK; AND EVA JARRETT

31. Paragraphs one (1) through thirty (30) above, are incorporated by reference hereat.

32. The Defendants were negligent and/or grossly negligent and/or and/or did recklessly knowingly and/or intentionally failed to take reasonable precautions for the minor plaintiff's safety and well-being.

33. As a direct and proximate result of the knowing, reckless, and/or intentional conduct of the Defendants, minor plaintiff, was caused to suffer serious and permanent injuries and damages as set forth *supra*.

WHEREFORE, James Grimm, Jr., as parent and natural guardian of Amber Grimm, a minor, respectfully demands judgment in his favor and against defendants Gregg Rosenfeld, Joseph Detato, Amanda Clark, and/or Eva Jarrett, jointly and/or severally, plus interest, costs, and punitive damages.

## COUNT IV
### JAMES GRIMM, JR., V. ABINGTON SCHOOL DISTRICT; GREGG ROSENFELD; JOSEPH DETATO; AMANDA CLARK; AND EVA JARRETT

34. Paragraphs one (1) through thirty-three (33) above, are incorporated by reference hereat.

35. James Grimm, Jr., as parent and natural guardian of minor plaintiff, Amber Grimm, has incurred medical costs and expenses for treatment of said minor plaintiff and will continue to do so indefinitely into the future.

WHEREFORE, James Grimm, Jr., individually, respectfully demands judgment in his favor and against defendants Gregg Rosenfeld, Joseph Detato, Amanda Clark, and/or Eva Jarrett, jointly and/or severally, plus interest and costs.

### JURY DEMAND

TAKE NOTICE that plaintiff demands that the issues herein be tried by a jury.

### CERTIFICATION OF NON-PENDENCY

The undersigned hereby certifies that the within matter in controversy is not the subject of any other action pending in any Court or pending arbitration proceeding and that no other action or arbitration proceeding is presently contemplated

Respectfully submitted,

By: _____
Neil P. Greenberg, Esquire
*Counsel for Plaintiff*